UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 2116 |
| IN RE: APPLE iPHONE 3G AND 3GS "MMS" | : | |
| MARKETING AND SALES PRACTICES | : | SECTION: J |
| LITIGATION | : | |
| | : | JUDGE BARBIER |
| | : | MAG. JUDGE WILKINSON |

.. .. .. .. .. .. .. .. .. .. .. .. . .. . .. .. .. .. .. ..

**THIS DOCUMENT RELATES TO ALL CASES**

<u>**PRETRIAL ORDER #1 - AMENDED**</u>
**Setting Initial Conference**

Per the request of the parties in this action, Pretrial Order #1 is amended to reflect the following:

It appearing that civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of December 3, 2009 merit special attention as complex litigation, it is, therefore, ORDERED that:

1. **INTRODUCTION** — It is not yet known how many attorneys will eventually join this litigation, but we can assume it will be a large number. As attorneys involved in a multi-district case, you will probably be laboring together for some time in the future with work progressively becoming more complicated and

exacting.  Some of you know each other and some are complete

strangers.  Undoubtedly each has a different style and

personality.  It is likely that during the course of this

litigation your working relationship will occasionally be

strained, communication derailed, and mutual trust questioned.

The just and efficient resolution of this litigation will depend

in large measure on the way you as attorneys comport yourselves

and overcome the temptations and trepidations inherent in a case

of this magnitude.  The Manual for Complex Litigation recognizes

that judicial involvement in managing complex litigation does not

lessen the duties and responsibilities of the attorneys.  To the

contrary, the added demands and burdens of this type of

litigation place a premium on professionalism and require counsel

to fulfill their obligations as advocates in a manner that will

foster and sustain good working relations among fellow counsel

and the Court.  The Court expects, indeed insists, that

professionalism and courteous cooperation permeate this

proceeding from now until this litigation is concluded.  The

court record should never be the repository of ill-chosen words

arising out of a sense of frustration over real or imagined

issues.  Because of the high level of competence and experience

of attorneys who are generally involved in multi-district

litigation, this Court is confident that this objective will be

achieved without judicial intervention.

2.   **APPLICABILITY OF ORDER** — Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to its order of December 3, 2009 listed on Schedule A.  This Order also applies to all related cases filed in all sections of the Eastern District of Louisiana and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

3.   **CONSOLIDATION** — The civil actions listed on Schedule A are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana,  will automatically be consolidated with this action without the necessity of future motions or orders.   This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

4. **DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE** —
Matters relating to pretrial and discovery proceedings in these
cases will be addressed at an initial pretrial conference to be
held on **Friday, January 15, 2010 at 9:30 a.m.** in Judge Carl J.
Barbier's courtroom, Room C-268, United States Courthouse, 500
Poydras Street, New Orleans, Louisiana.  Counsel are expected to
familiarize themselves with the *Manual for Complex Litigation,
Fourth* ("MCL 4th") and be prepared at the conference to suggest
procedures that will facilitate the expeditious, economical, and
just resolution of this litigation.  The items listed in MCL 4th
Sections 22.6,  22.61, 22.62, and 22.63 shall, to the extent
applicable, constitute a tentative agenda for the conference.
Counsel shall confer and seek consensus to the extent possible
with respect to the items on the agenda, including a proposed
discovery plan, amendment of pleadings, and consideration of any
class action allegations and motions, and be prepared to select
trial dates.  Parties shall also submit an initial proposed case
management order and, if necessary, shall submit suggestions for
any other agenda items.

These documents shall be delivered to the Court **three full
work days prior to the initial conference** by fax to (504) 589-
4536, in person to Judge Carl J. Barbier's Chambers, Room C-256,
United States Courthouse, 500 Poydras Street, New Orleans,
Louisiana, or by e-mail to james_washington@laed.uscourts.gov.

5.   **POSITION STATEMENT** — **Three full work days prior to the initial conference**, plaintiffs and defendants shall submit a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.  The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known.  The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

6.   **APPEARANCE AT INITIAL CONFERENCE** — Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent.  To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference.  A party, by designating an attorney to represent the party's

interest at this initial conference, will not be precluded from personally participating or selecting other representation during the future course of this litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

7. **SERVICE** — Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B. Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk of this Court and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a list of attorneys, their office addresses, phone and fax numbers, and e-mail addresses.

8. **EXTENSION AND STAY** — Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

9.   **MASTER DOCKET FILE** — Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court.  The Clerk of this Court will maintain a master docket file under the style "In Re: Apple iPhone 3G and 3GS "MMS" Marketing and Sales Practices Litigation" and the identification "MDL No. 2116."  When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases."  When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."  The following is a sample of the pleading style:

| | |
|---|---|
| In Re: Apple iPhone 3G and 3GS "MMS" Marketing and Sales Practices Litigation | MDL No. 2116 |
| | SECTION: J |
| This Document Relates to: | Judge Barbier |
| | Mag. Judge Wilkinson |

10.  **FILING** — All documents filed in this Court must be filed electronically pursuant to Local Rule 5.7E and this Court's Administrative Procedures for Electronic Filing.  Attorneys may register at www.laed.uscourts.gov/cmecf/ecf.htm.  An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption.  The application shall be in

writing, filed with the Clerk of Court, and shall state the reason for the attorney's inability to comply.  Pro se litigants who have not been authorized to file electronically shall continue to file their pleadings with the Clerk of Court in the traditional manner, on paper.  The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet.  All documents shall be filed in the master file.

11.   **DOCKETING** — When an action that properly belongs as a part of <u>In Re: Apple iPhone 3G and 3GS "MMS" Marketing and Sales Practices Litigation</u> is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

   a.   File a copy of this Order in the separate file for such action;

   b.   Make an appropriate entry on the master docket sheet;

   c.   Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

   d.   Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such

newly filed or transferred cases a copy of this
Order.

12. **APPEARANCES IN LITIGATION** — Counsel who appeared in a
transferor court prior to transfer need not enter an additional
appearance before this Court.  Moreover, attorneys admitted to
practice and in good standing in any United States District Court
are admitted *pro hac vice* in this litigation, and the
requirements of Local Rules 83.2.6E  and 83.2.7 are waived.
Association of local counsel is not required.


13. **REMAND STIPULATIONS** — In the event that a case is
remanded, the parties shall furnish to the Clerk of Court a
stipulation or designation of the contents of the record and
furnish all necessary copies of any pleadings filed so as to
enable the transferee clerk to comply with the order of remand.


14. **PRESERVATION OF EVIDENCE** — All parties and their
counsel are reminded of their duty to preserve evidence that may
be relevant to this action.  The duty extends to documents, data,
and tangible things in possession, custody and control of the
parties to this action, and any employees, agents, contractors,
carriers, bailees, or other nonparties who possess materials
reasonably anticipated to be subject to discovery in this action.
"Documents, data, and tangible things" is to be interpreted

broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts,  digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Preservation includes the obligation not to alter any such  thing as to its form, content or manner of filing.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.  Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including

employees of corporate or institutional parties of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

15. **FILING OF DISCOVERY REQUESTS** — In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

16. **LIAISON COUNSEL** — **Prior** to the initial conference, counsel for the plaintiffs and counsel for the defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel

shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Proposals for the designation of liaison counsel shall be submitted to the Court no later than **three full work days prior to the initial conference**.

Appointment of liaison counsel shall be made by the Court after full consideration of the proposals. At the first conference, liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any

additional matters consistent with the efficient handling of this matter.

17. **STEERING COMMITTEES and LEAD COUNSEL** — This Court will consider whether it will be necessary in this case to appoint steering committees and/or lead counsel. At the initial conference, parties are invited to offer suggestions to this Court as to whether such appointments are necessary.

18. **MDL 2116 WEBSITE** — A website particular to MDL 2116 has been created and can be accessed by going to this Court's website located at www.laed.uscourts.gov and clicking on the link for MDL Cases. The MDL 2116 website may also be accessed directly by going to www.laed.uscourts.gov/appleiphone/appleiphone.htm. The website will contain forms, court orders, minute entries, a calendar of upcoming events, and other relevant information.

19. **COMMUNICATION WITH THE COURT** — Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between

plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this _____22nd_____ day of _____December_____, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE