UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  APPLE iPHONE 3G AND 3GS "MMS" MARKETING AND SALES PRACTICES LITIGATION | CIVIL ACTION<br><br>MDL NO:  2116 |
| THIS DOCUMENT RELATES TO ALL CASES | SECTION "J"<br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE WILKINSON |

## BRIEF OF ATTM ON DISCOVERY

Pursuant to Pretrial Order #3 (D.E. 17), AT&T Mobility LLC ("ATTM") submits its brief on the scope and schedule of discovery in this proceeding. ATTM proposes that discovery should begin only after the resolution of threshold motions aimed at disposing of claims against ATTM in this proceeding, including motions to compel arbitration and motions to dismiss pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. If this proceeding continues beyond those threshold motions, discovery should be sequenced into two phases, beginning with class discovery, and then followed by merits discovery if necessary after resolution of a motion for class certification.

1

## BACKGROUND

This multidistrict proceeding is comprised of 22 putative class actions brought by 30 plaintiffs against Apple Inc. ("Apple") and ATTM in a dozen jurisdictions across the country.[1] Most of these actions are brought on behalf of putative state-wide classes. Five actions are brought on behalf of a putative nationwide class.[2]

The underlying complaints allege that Apple and ATTM misrepresented the availability of a single feature of the iPhone 3G and 3GS known as Multimedia Messaging Services ("MMS"). The iPhone is a mobile phone, an iPod music player, and an Internet communications device with e-mail, web browsing, text messaging, searching, and maps. MMS enhances the basic text feature of Standard Messaging Services ("SMS") by enabling users to send pictures and videos in addition to standard text. MMS is one of many features offered on Apple's iPhone and supported by ATTM's wireless network.

In June 2007, Apple launched the original iPhone, known as the iPhone 2G. In July 2008, Apple launched the second generation iPhone 3G. In June 2009, Apple launched the third generation iPhone 3GS. As part of the launch, Apple announced that MMS functionality would be supported by ATTM at the end of the summer. All subsequent advertisements and representations by Apple and ATTM regarding MMS specifically disclosed that MMS would not be available until the end of the summer of 2009. On September 4, 2009, ATTM announced that

---

[1] As of the date of this filing, one additional putative class action – *Pineda v. Apple Inc., et al.*, Case No. 1:10-cv-00128 (E.D.N.Y) – is awaiting transfer to this Court. On February 19, 2010, the Judicial Panel on Multidistrict Litigation (the "Panel") issued Conditional Transfer Order 3 (Exh. A) as to *Pineda*.

[2] *Tran v. Apple Inc., et al.*, Case No. 5:09-cv-4048 (N.D. Cal.); *Sterker v. Apple Inc., et al.*, Case No. 5:09-cv-4242 (N.D. Cal.); *Molina v. Apple Inc., et al.*, Case No. 3:09-cv-02032 (S.D. Cal.); *Williams v. Apple Inc., et al.*, Case No. 2:09-cv-6914 (C.D. Cal.); and *Irving v. Apple Inc., et al.*, Case No. 0:09-cv-02613 (D. Minn).

MMS support would be enabled in the United States on September 25, 2009, and it has been available since that date.

Under the terms of ATTM's wireless service agreement, which all customers who obtain iPhone 3G or iPhone 3GS devices for use with ATTM service are required to accept, ATTM and its customers agree to resolve their disputes by arbitration on an individual basis.

Plaintiffs bring a variety of claims, including fraud claims under various state consumer protection statutes, as well as claims for negligent misrepresentation, conspiracy to defraud, breach of contract, breach of express and implied warranty, unjust enrichment and restitution. Plaintiffs' claims arise under state law and therefore present various legal issues, including complex choice of law issues.

Pursuant to Pretrial Order #3, plaintiffs have until May 17, 2010 to amend their complaints, defendants have until July 19, 2010 to file motions in response to plaintiffs' complaints, and plaintiffs have until August 19, 2010 to oppose those motions.[3]  ATTM intends to file motions to compel arbitration as to any plaintiff who entered into a wireless service agreement with ATTM.  ATTM also intends to move, pursuant to Rules 8, 9(b) and 12(b)(6), to dismiss plaintiffs' claims as legally deficient for a number of reasons.

## **ARGUMENT**

**I.     This Court Has Broad Discretion To Manage Discovery.**

It is well settled that this Court has broad discretion to manage the discovery proceedings, including the power to stay discovery in the interests of economy and efficiency.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting that "the power to stay proceedings is incidental to

---

[3] Pretrial Order #3 provides that a date for defendants' reply briefs and any oral argument hearings will be set at a later date.  *See* Pretrial Order #3 at 4.

the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). In a multidistrict proceeding, the transferee court is empowered to utilize case management tools, including phasing discovery, to streamline the proceedings. *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2005 WL 756742, at *7 (E. D. La. Feb. 18, 2005) ("[T]he MDL-1657 transferee court can employ any number of pretrial techniques - such as establishing separate discovery and/or motion tracks - to efficiently manage [the] litigation."); *In re Janus Mut. Funds Investment Litig.*, 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004) (same); *In re "Agent Orange" Prod. Liab. Litig.*, 304 F. Supp. 2d 404, 416 (E.D.N.Y. 2004) ("The transferee court has broad powers in matters relating to management of the multidistrict case before it.").

**II.     Discovery Should Not Begin Until The Court Resolves Threshold Motions.**

    **A.     The Court Should Stay Discovery While It Resolves ATTM's Motions To Compel Arbitration.**

The Court should stay discovery while it resolves ATTM's anticipated motions to compel arbitration. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, embodies a strong federal policy favoring the enforcement of arbitration agreements. *See, e.g., EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). Arbitration agreements serve to reduce the costs of dispute resolution by substituting speedy and informal procedures for the expensive and time-consuming machinery of litigation. *See Preston v. Ferrer*, 128 S. Ct. 978, 986 (2008) ("A prime objective of an agreement to arbitrate is to achieve streamlined proceedings and expeditious results.") (internal quotation marks omitted).

Requiring a defendant who has moved to compel arbitration to litigate the underlying merits of a dispute (including participation in discovery) while that defendant's motion to compel arbitration is pending is contrary to these policies. As the Supreme Court has held, "in passing upon a[n] application for a stay while the parties arbitrate, a federal court may consider *only* issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (emphasis added). This rule follows from "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Id.* In other words, permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved puts the cart before the horse." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).

Accordingly, courts stay discovery on the merits pending the resolution of a motion to compel arbitration in recognition of the fact that "requiring the parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid'" by entering into an arbitration agreement. *Klepper v. SLI, Inc.*, 45 F. App'x 136, 139 (3d Cir. 2002) (vacating district court's order requiring the parties to complete discovery before ruling on a motion to compel arbitration) (quoting *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) (Tjoflat, J., concurring)).

Under this reasoning, a federal district court recently granted a motion to stay discovery pending a decision on a motion to compel arbitration. *St. Paul Fire & Marine Ins. Co. v. Apartment Inv. & Mgmt. Co.*, No. 09-CV-02353-WDM-KMT, 2010 WL 148264, at *2 (D. Colo. Jan. 12, 2010). As the court noted, "neither [the court's] nor the parties' time is well-served by

5

being involved in possible discovery motions and other incidents of discovery when, as here, a dispositive motion involving a jurisdictional defense is pending." *Id.* at *1. Numerous courts have reached this same conclusion.[4]

Nor is any discovery necessary to resolve ATTM's motions to compel arbitration. As this Court acknowledged at the January 15, 2010 initial conference, those motions will present questions of law:

> What I'm saying, one way or another, you're signing up for some agreement. It's in the agreement. Whatever it is, it is. I just don't understand what kind of discovery you're going to need on that. It seems to me they could tee that up as a legal issue.

January 15, 2010 Tr. (Exh. B) at 22. *See also id.* at 21 (noting that unconscionability is a legal, not factual, issue); 25 (noting that arbitration is a legal issue); Richard A. Lord, *Williston on Contracts*, § 18:11 (4th ed. 2000, Westlaw through 2009) (noting that "the question of unconscionability is one of law").

---

[4] *See, e.g., Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *4 (D. Colo. Jan. 7, 2010) (staying all discovery pending resolution of a motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.*, No. 06-10452, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Ross v. Bank of Am.*, No. 05 Civ. 7116(WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (same); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116(CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."); *Cole v. Halliburton Co.*, No. CIV-00-0862-T, 2000 WL 1531614, at *2 (W.D. Okla. Sept. 6, 2000) (refusing to permit discovery during pendency of motion to compel arbitration); *Cent. Reserve Life Ins. Co. v. Marello*, No. CIV. A. 00-3344, 2000 WL 1474106, at *3 (E.D. Pa. 2000) (noting that court-sanctioned discovery "is inappropriate" when discovery is to be "conducted pursuant to the applicable procedures set forth during arbitration"); *Balfour, Guthrie & Co. v. Commercial Metals Co.*, 607 P.2d 856, 858 (Wash. 1980) ("'Discovery on the subject matter of the dispute to be arbitrated generally has been denied.'" (quoting 7 Moore, *et al.*, Moore's Federal Practice § 81.05(7) (2d ed. 1979))).

For all of these reasons, the Court should stay all discovery pending resolution of ATTM's motions to compel arbitration.

**B.     Discovery Should Not Proceed Until The Court Resolves Motions To Dismiss.**

The Court should not allow discovery to commence until it resolves defendants' motions to dismiss and the pleadings are settled.  In *Petrus,* the Fifth Circuit affirmed the district court's order staying discovery pending resolution of a motion to dismiss, stating "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Petrus*, 833 F.2d at 583*; see also Allison v. Askins*, 45 F. App'x 319, 319 (5th Cir. 2002) (magistrate judge did not abuse discretion in refusing to compel defendants to respond to discovery while defendants' motions to dismiss were pending); *Enplanar, Inc. v. Marsh*, No. 93-7633, 1994 WL 261088, at *2 (5th Cir. June 2, 1994) (district court did not abuse discretion in declining to grant discovery before ruling on motion to dismiss where plaintiff "never identified any specific discovery needed to respond to the motion to dismiss" and made "only vague and conclusory assertions that it is entitled to discovery").

Here, there are a number of reasons to defer discovery pending resolution of ATTM's Rule 8, 9(b) and 12(b)(6) motions.  First, plaintiffs have indicated an intention to file additional complaints and to amend the currently pending complaints.  Defendants intend to move to file threshold motions directed at those complaints, including motions to dismiss.  If the Court grants motions to dismiss, discovery would be unnecessary and moot.  It conserves the resources of the Court and the parties to defer discovery that may not ever be necessary.  *Dresser v. MEBA Med. & Benefits Plan*, No. 08-2662, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) ("In balancing the harm produced by [ ] a temporary stay [of discovery] at the outset of this case (which is nil) against the *possibility* that the motion to dismiss will be granted and entirely eliminate the need

for such discovery, this Court has determined that a temporary stay is appropriate."); *Parish of Jefferson v. S. Recovery Mgmt., Inc.*, No. CIV.A. 96-0230, 1996 WL 144400, at *2 (E.D. La. Mar. 27, 1996) (noting that even minimal discovery costs are unwarranted where granting motion to dismiss would render such discovery "altogether moot").

Second, the motions to dismiss will focus on legal deficiencies in plaintiffs' claims, and therefore discovery is not appropriate or required. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007) ("[A] 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits."); *Petrus*, 833 F.2d at 583 (noting that plaintiff could not have learned anything through discovery that could have affected the resolution of defendants' motion to dismiss); *see also Chudasama*, 123 F.3d at 1367 ("[Motions to dismiss] always present[ ] a purely legal question; there are no issues of fact because the allegations contained in the pleadings are presumed to be true.").

Moreover, the crux of plaintiffs' claims is that the defendants misrepresented the availability of MMS and that plaintiffs relied on those misrepresentations in purchasing their iPhones. The facts on what misrepresentations plaintiffs supposedly heard or saw, and what actions plaintiffs took in reliance on those misrepresentations, are in plaintiffs' possession. As the Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 559 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953-54 (2009), Rule 8 requires a plaintiff to have sufficient facts to state a plausible claim *before* filing a complaint. Plaintiffs should not be permitted to use discovery as a fishing expedition in the hopes of obtaining facts to support legally deficient claims. *Twombly*, 550 U.S. at 570 ("[A] district court must retain the power to insist upon some specificity in pleadings before allowing a potentially massive factual controversy to proceed [through discovery].)"

**III.    Class And Merits Discovery Should Be Phased**.

If this proceeding continues after the Court addresses the threshold motions, the Court should sequence discovery in two phases, beginning with class discovery, and then proceeding with merits discovery if necessary after resolving the motion for class certification.

It is well established that "to best serve the ends of fairness and efficiency, courts may allow class wide discovery on the certification issue and postpone class wide discovery on the merits." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1571 (11th Cir. 1992) (citing *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982)).  In *Stewart*, the Fifth Circuit observed that it was "imperative that the district court be permitted to limit pre-certification discovery to evidence that, in its sound judgment, would be 'necessary or helpful' to the certification decision."  669 F.2d at 331 (internal citation omitted).

In recognition of this principle, courts (including numerous court in this district) routinely defer merits discovery until after resolution of class certification motions. *See, e.g., id.* at 332 (finding district court did not abuse its discretion in denying plaintiffs' motion to compel where "very little" of the documents plaintiffs sought could have been "necessary or helpful" to determining the threshold Rule 23(a) and (b) issues); *see also Harris v. Option One Mortgage Corp.*, 261 F.R.D. 98 (D.S.C. 2009); *Kreger v. Gen. Steel Corp.*, No. 07-575, 2008 WL 490582 (E.D. La. 2008) (bifurcating class and merits discovery); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-01873 (E.D. La. Aug. 1, 2008) (Exh. C) (same); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665 (D. Minn. 2002) (same); *Mayer v. Lamarque Ford, Inc.*, No. 00-1325, 2000 WL 1140497 (E.D. La. 2000) (same); *Payne v. Don Bohn Ford, Inc.*, No. 96-1671, 1997 WL 469963 (E.D. La. 1997) (same); *Am. Nurses' Ass'n v. Illinois*, No. 84 C 4451, 1986 WL 10382 (N.D. Ill. Sept. 12, 1986).

Here, there are serious questions regarding whether plaintiffs' claims may proceed under Rule 23, including whether plaintiffs' claims raise individualized issues of fact and law that render class certification inappropriate. The initial focus of discovery should be on whether plaintiffs' claims meet Rule 23's requirements. For example, defendants' class discovery should be narrowly focused on where and when each named plaintiff purchased an iPhone, what advertisements and representations regarding MMS each named plaintiff saw and relied upon in making the purchase, as well as whether each named plaintiff uses MMS and the extent of such usage. On the other hand, with claims based on allegedly uniform misrepresentations by Apple and ATTM, plaintiffs' class discovery should be narrowly focused on those representations. This is a case where the scope of class discovery is clear and easily defined.

Finally, the proper scope of merits discovery cannot be determined until the Court makes its decision on class certification, including which claims, issues and defenses are certified for class treatment, as required under Rule 23(c)(1)(B). Proceeding with full-blown merits discovery on claims that are later determined to be not appropriate for class certification would be a waste of resources for the Court and the parties.

## **CONCLUSION**

For the reasons set forth above, this Court should stay discovery until after it resolves ATTM's motions to compel arbitration, and should defer discovery until after it resolves the motions to dismiss. If this proceeding continues past those threshold motions, discovery should be phased with discovery solely on class issues until after the Court addresses class certification.

    /S/ Kathleen Taylor Sooy
Kathleen Taylor Sooy
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2651
Facsimile: (202) 628-5116
Email: ksooy@crowell.com
       troman@crowell.com

Gary P. Russo
JONES, WALKER, WAECHTER, POITEVENT, CARRER, DENEGRE LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Telephone: (337) 262-9000
Facsimile: (337) 262-9001
Email: grusso@joneswalker.com

Attorneys for Defendant AT&T Mobility LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 23rd day of February, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing.

                                              /S/ Kathleen Taylor Sooy
                                              Kathleen Taylor Sooy