```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


                                      :   MDL NO. 2116
IN RE: APPLE iPHONE 3G AND 3GS "MMS"  :
       MARKETING AND SALES PRACTICES  :   SECTION: J
       LITIGATION                     :
                                      :   JUDGE BARBIER
                                      :   MAG. JUDGE WILKINSON
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..
```

**THIS DOCUMENT RELATES TO ALL CASES**

<u>**PRETRIAL ORDER #6**</u>

**I. Plaintiffs' Steering Committee**

Having carefully reviewed Plaintiffs' request for certain individuals to be appointed to Plaintiffs' Steering Committee (PSC), **IT IS ORDERED** that Plaintiffs' **Motions to Appoint Counsel to PSC (Rec. Docs. 16, 18)** are hereby **PARTIALLY GRANTED** and the following individuals are appointed to the PSC:

John R. Climaco;

Stephen Barnett Murray;

Ronnie G. Penton;

Virginia E. Anello;

David M. Cialkowski;

J. Andrew Meyer;

Brian R. Strange;

Timothy G. Blood.

The aforementioned counsel are to be aware that appointment to the PSC is of a personal nature.  Accordingly, the above appointees cannot be substituted by other attorneys, including members of the appointee's law firm, to perform the PSC's exclusive functions, such as committee meetings and court appearances, except with prior approval of the Court.  Furthermore, the appointment to the PSC is for one year from the date of this order.  Appointees may apply to be reappointed when their term expires.  If, or when, they reapply, their application should contain references to the nature and scope of their work on the PSC including the time and resources expended during the past term.

The PSC will have the following responsibilities:

**<u>Discovery</u>**

1. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi-district litigation.
2. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.
3. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas

      pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by the individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

4.    Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**<u>Hearings and Meetings</u>**

1.    Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.  Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

2.    Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

3.    Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**Miscellaneous**

1. Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

2. Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

3. Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

4. Maintain adequate files of all pretrial matters,

       including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions for examinations by all MDL Plaintiffs or their attorneys.

5. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees compromised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.  Membership on these subcommittees shall be subject to the approval of the Court.  Compensation for work performed by these subcommittees and the approved cost will be paid by common benefit funds.

6. Perform such other functions as may be expressly authorized by further orders of the Court.

**II.  Plaintiffs' Executive Committee**

Further, having carefully reviewed Plaintiffs' request for certain individuals to be appointed to Plaintiffs' Executive Committee, the Court finds that an executive committee is not necessary.

Accordingly, Plaintiffs' **Motion to Appoint an Executive Committee (Rec. Doc. 16)** is hereby **DENIED** and no Executive

Committee will be appointed in this matter.

New Orleans, Louisiana, this __4th__ day of __March__, 2010.

                                     _____
                                     CARL J. BARBIER
                                     UNITED STATES DISTRICT JUDGE