UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: APPLE iPHONE 3G AND 3GS "MMS" MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | CIVIL ACTION<br><br>MDL No. 2116<br><br>SECTION "J"<br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE WILKINSON |

DEFENDANT APPLE INC.'S REPLY TO
PLAINTIFFS' MEMORANDUM ON THE SCOPE,
EXTENT, AND TIMING OF DISCOVERY

Pursuant to the Court's January 15, 2010 Order, defendant Apple Inc. ("Apple") files its Reply to Plaintiffs' Memorandum on the Scope, Extent, and Timing of Discovery ("Memorandum").

## SUMMARY OF ARGUMENT

Plaintiffs' Memorandum compellingly demonstrates the need to settle the pleadings in these Actions before discovery commences. Plaintiffs concede that their complaints are vulnerable to a motion to dismiss by running away from the theories they have pled and instead seeking to rely on claims and allegations raised for the first time in their Memorandum. Plaintiffs should not be permitted to leapfrog the orderly process of first settling the pleadings and then deciding class certification before proceeding to full merits discovery.

sf-2808661

Plaintiffs' Memorandum mischaracterizes Apple's position. Apple's position was clear at the initial hearing, was unchanged in its Brief on the Timing and Scope of Discovery ("Brief"), and remains unchanged now. As set forth below, Apple believes that these Actions can likely be disposed of by motions to dismiss, a likelihood that is heightened by the arguments in Plaintiffs' Memorandum. If not, the Actions can be resolved by an early, limited motion for summary judgment, with plaintiffs being afforded discovery appropriate to respond to that motion. Plaintiffs' suggestion that Apple's position somehow justifies opening the floodgates of full discovery now is simply wrong.

Plaintiffs' complaints as presently pled do not meet the requirements of Federal Rules 8, 9 and 12 and must be dismissed. If plaintiffs amend their complaints to allege the facts required to comply with Rules 8, 9 and 12, it will be clear on the face of the complaints that they must be dismissed with prejudice. For the period March 2009 (Apple's first mention of MMS for iPhone) to September 25, 2009 (the activation date of MMS), if plaintiffs accurately and completely plead the advertisements, their claims will be barred by the defendants' consistent disclosures regarding the timing of MMS. For the period prior to March 2009, if plaintiffs accurately plead the representations they actually saw or heard, it will be evident that neither defendant represented that the iPhone would have MMS functionality (however that functionality is described, whether using the term MMS or not).

If the amended complaints fail to plead the complete content of relevant documents, then Apple will file a motion to dismiss augmented with full copies of the documents. Contrary to plaintiffs' assertions, such limited augmentation on a motion to dismiss has been expressly endorsed both by the Fifth Circuit and this Court. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[D]ocuments that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim."); *Borders v. Chase Home Fin., L.L.C.*, No. 09-3020, 2009 U.S. Dist. LEXIS 54871, at *12 (E.D. La. June 26, 2009).

Finally, if plaintiffs' amended complaints avoid pleading the relevant documents, Apple will file a limited summary judgment motion to introduce such documents. If Apple files such a motion, Apple will meet and confer with plaintiffs regarding the discovery they require to respond. That discovery, however, is not unlimited merits discovery, but rather discovery sufficient to establish what disclosures and representations were made. The Court, however, need not address the scope of that discovery now, because Apple may never need to file a summary judgment motion. The Court has given plaintiffs an opportunity to adequately plead their claims, and defendants the opportunity to test those pleadings under Rules 8, 9 and 12. No discovery is necessary or appropriate at this time.

With respect to the bifurcation of discovery, there is a clear division in these Actions between class and merits. Accordingly, discovery should be phased to address class issues first. The matters for class discovery are straightforward: what representations defendants made; what, if any, representations plaintiffs can demonstrate the purported class members uniformly saw and relied on; and what, if any, damages plaintiffs allegedly suffered as a result. Discovery of matters that relate to both class and merits is appropriate. However, that is a far cry from plaintiffs' suggestion that because there may be *some* overlap between class and merits discovery, *unlimited* merits discovery should be permitted before this Court rules on class certification. As set forth in Apple's Brief, there is little overlap between class and merits discovery. Class discovery thus can be readily defined and discovery should be phased accordingly.

**ARGUMENT**

I. **PLAINTIFFS EFFECTIVELY CONCEDE THAT THEIR COMPLAINTS AS PLED CANNOT SURVIVE A MOTION TO DISMISS**

Plaintiffs' Memorandum effectively concedes that their complaints as pled cannot withstand a motion to dismiss. Plaintiffs predicate their argument on legal theories and supposed facts that are not alleged in their complaints. Notably, Plaintiffs' Memorandum does not contain a single reference to the allegations of the complaints, and the first two of the three arguments on which plaintiffs now rely *do not appear* in their complaints. Plaintiffs' Memorandum at 3. Plaintiffs first argue that their claims are based on alleged breach of ATTM's service contract. *Id*. *None* of the complaints, however, alleges breach of that contract; indeed, *16 of the 23 complaints do not allege any breach of contract claim at all.* Plaintiffs' second argument is an omission claim that is also purportedly based on a supposed express obligation in ATTM's service contract to provide MMS (*id*.); that claim is not alleged in any of the underlying complaints. If plaintiffs amend their complaints, it will rapidly become apparent that these new allegations are without factual basis. Plaintiffs may not use a brief about the scope of discovery to amend their complaints.

Plaintiffs seek to shore up their third and last argument – the affirmative misrepresentation claim that *does appear* in their complaints – by relying on purported facts that they have not pled and selectively quoting documents that were never alleged. As set forth above, plaintiffs cannot cure pleading defects via their discovery brief. Moreover, plaintiffs never allege that any named plaintiff actually saw or relied on the documents or statements referred to for the first time in Plaintiffs' Memorandum.

Most egregiously, plaintiffs selectively quote the documents to *omit* the disclosures concerning the timing of activation of MMS. Thus, plaintiffs submit what appears to be a homemade video clip of a video presentation of iPhone 3GS features that ran in AT&T retail stores. The videographer, however, apparently pans up to *cut off the lower portion of the screen containing the disclosure*. Plaintiffs' video clip shows the top of a screen which states "Send

messages with video, photos and more" but *omits* the bottom of the screen which states: ***"MMS support from AT&T coming in late summer***."[1]  Similarly, plaintiffs rely on Apple's "Guided Tour" video (Plaintiffs' Memorandum at 6) but again *omit the express disclosure "MMS support from AT&T coming in late summer."*[2]  Plaintiffs also quote from a March 17, 2009 Press Release (Plaintiffs' Memorandum at 6), but omit the first part of the sentence they quote, which disclosed that the functionality would not be available until the Summer.  (Exhibit C hereto.)  Plaintiffs refer generically to other "written and video" advertisements that supposedly do not contain the disclosure, but tellingly do not identify them or allege that any plaintiff saw them.  Given that the advertisements plaintiffs actually identify *contain* the disclosure, Apple is necessarily skeptical about these other unidentified advertisements.  Plaintiffs say that "discovery will reveal the misleading nature of the disclosures" – but only plaintiffs know what *they* saw and relied upon.  Plaintiffs do not need discovery to plead what they saw.  Indeed, discovery can only confuse the issue of what plaintiffs themselves actually saw.

  Plaintiffs essentially acknowledge that Apple made no representations about MMS before March 2009.  Plaintiffs' Memorandum at 1 n.1 ("Plaintiffs understand that Apple or AT&T may not have used the actual term 'MMS' in its communications with customers until 2009…").  Plaintiffs argue that this "*does not necessarily mean* that Defendants did not mislead consumers into believing that [sic -iPhone 3G had?] the ability to send and receive photos like other cell phones in 2008."  *Id*. (emphasis added).  Notably, however, plaintiffs do not support this half-hearted assertion by pointing to any representations made by defendants prior to March 2009 suggesting that iPhone 3G could "send or receive photos" by text message.  Apple would have had no reason to make representations about a feature it did not offer.  Apple made no such representations prior to March 2009 and plaintiffs cannot accurately plead otherwise.

---

[1] Compare Apple's Exhibit A hereto, at 1:49 (showing disclosure), with Plaintiffs' Exhibit A at 1:06 (omitting disclosure).  Exhibit A1 hereto is a screenshot showing the MMS representation and disclosure as it actually appeared in the video (which ran on a 14"x 21" screen).
[2] See Apple Exhibit B hereto, at 9:26.  Exhibit B1 hereto is a screenshot showing the MMS representation and disclosure as it actually appears on a computer monitor.

This Court has given plaintiffs leave to amend their complaints. Plaintiffs must do so if they intend to rely on the new theories and allegations set forth in their Memorandum. Defendants are then entitled to the opportunity to test those pleadings pursuant to Rules 8, 9 and 12. Only when plaintiffs have alleged claims that satisfy federal pleading requirements will they be entitled to pursue discovery. Plaintiffs must adequately state a claim before unlocking the door to discovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-59 (2007); *see also, e.g., Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (affirming district court order deferring discovery until resolution of Rule 12 motions, because "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Dresser v. MEBA Med. & Benefits Plan*, No. 08-2662, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) (staying discovery pending resolution of motion to dismiss based on the "balanc[e] [of] the harm produced by such a temporary stay at the outset of this case (which is nil) against the *possibility* that the motion to dismiss will be granted and entirely eliminate the need for such discovery"); *Parish of Jefferson v. S. Recovery Mgmt., Inc.*, No. 96-0230, 1996 WL 144400, at *2 (E.D. La. Mar. 27, 1996) ("it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined"). [3]

## II.   PLAINTIFFS MISCHARACTERIZE APPLE'S POSSIBLE SUMMARY JUDGMENT MOTION AND THE DISCOVERY IMPLICATIONS THEREOF

As set forth above, until it reviews plaintiffs' amended complaints, Apple will not be in a position to determine how it will respond. Unless and until plaintiffs satisfy the requirements of Rules 8, 9 and 12, Apple will simply move to dismiss the complaints. If the amended complaints fail to properly plead the content of referenced documents (for example, by omitting relevant

---

[3] The cases plaintiffs rely on in suggesting that discovery should proceed before the pleadings are settled are inapposite. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990), was decided prior to *Twombly*, and thus does not reflect the requirement that plaintiffs must adequately plead their claims before commencing discovery. In *Glazer's Wholesale Drug Co. v. Klein Goods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482 (N.D. Tex. Jul. 23, 2008), the court concluded that defendant's motion to stay discovery was inconsistent with representations it had made in its Rule 26 conference statement, and also noted that the statement had not disclosed that the defendant intended to file a motion to dismiss.

disclosures), Apple will file a motion to dismiss augmented by complete copies of such documents, as permitted under relevant case law of the Fifth Circuit and this Court. If it becomes necessary to introduce limited documents not pled in the complaints, then Apple will file a summary judgment motion introducing documents sufficient to show the timing and content of representations and disclosures regarding MMS functionality.

Plaintiffs cite authorities regarding conversion of a motion to dismiss into a motion for summary judgment if the moving party relies on matters outside the pleadings. Plaintiffs wrongly contend that the "law requires full discovery before any extrinsic material is considered" beyond the four corners of the pleadings. Plaintiffs' Memorandum at 10. That sweeping statement ignores a well-established rule in this Circuit. "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim" and will not convert the motion to dismiss into a motion for summary judgment. *Collins*, 224 F.3d at 498-99; *Borders*, 2009 U.S. Dist. LEXIS 54871, at *12 (denying plaintiff's request to convert motion to dismiss to summary judgment as "not necessary when the court finds that the attached exhibits to a defendants' motion to dismiss are in fact part of the pleadings because the documents are central to plaintiffs' claims"). This rule prevents plaintiffs from artful pleading to avoid key documents that demonstrate they cannot state a claim. Apple is not proposing to "cherry pick" documents as plaintiffs suggest. Apple simply proposes to submit documents plaintiffs have put at issue in their complaints and that are central to their claims.

If Apple ultimately is required to move for summary judgment in order to introduce limited documents outside the pleadings, Apple has made clear that it will then meet and confer with plaintiffs regarding the discovery that is pertinent to their response. That is not, as plaintiffs suggest, "one-way discovery"; it is the procedure contemplated by the Federal Rule plaintiffs rely upon. Fed. R. Civ. Proc. 12(d) (limiting discovery to "material that is pertinent to the motion").[4]

---

[4] The authorities plaintiffs cite do not support their argument. *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980), holds that if a court converts a motion to dismiss raising issues outside the pleadings into a motion for summary judgment, the plaintiff should be permitted a reasonable opportunity to submit material in response. Apple has never suggested otherwise. The majority of plaintiffs' cases merely stand for the unremarkable proposition that a court should not convert into a motion to dismiss introducing extensive material outside the pleadings into a

By plaintiffs' logic, a plaintiff would only need to omit from a complaint a disclosure that barred his or her claims to avoid dismissal and open up full pre-trial discovery on the merits. That cannot be, and is not, the law. Contrary to plaintiffs' suggestion that there is no precedent for an early, limited summary judgment motion introducing disclosures that bar plaintiffs' claims, the United States District Court for the Northern District of Illinois granted just such a motion in *Trujillo v. Apple Computer, Inc.*, 581 F. Supp. 2d 935 (N.D. Ill. 2008). There, plaintiff alleged that Apple misrepresented and/or concealed facts regarding replacement of the iPhone battery; the complaint omitted the battery disclosure contained on the iPhone box. The court granted Apple's early summary judgment motion predicated on Apple's disclosure. That is precisely the situation here.

In any event, consideration of the scope of discovery relevant to a summary judgment motion that may or may not be filed is premature. Plaintiffs are simply using the possibility of such a motion in a transparent effort to leapfrog normal procedures and open full merits discovery before they have established that they can state a viable claim for relief.

**III.   THE FIRST PHASE OF DISCOVERY SHOULD BE LIMITED TO CLASS ISSUES.**

As set forth in Apple's Opening Memorandum, class and merits discovery are readily delineated here. Notwithstanding plaintiffs' attempt to confuse the issues, this is a misrepresentation case. Plaintiffs' purported "contract" claim is based on representations ATTM supposedly made in its service agreement about the availability of MMS. Similarly, plaintiffs' "omission" claim is predicated on the argument that ATTM's service agreement "expressly

---

summary judgment if plaintiff has had no opportunity to conduct discovery. *See, e.g., O'Neal v. Campbell*, No. 5:09CV110, 2009 WL 3489868 (S.D. Miss. Oct. 23, 2009); *Mitsui Sumitomo Ins., Co. (H.K.) Ltd. v. P&O Ports La., Inc.*, No. 07-1538, 2007 U.S. Dist. LEXIS 64257, at *7-8 (E.D. La. Aug. 28, 2007); *Maritrend, Inc. v. Galveston Wharves*, 152 F.R.D. 543, 547-48 (S.D. Tex. 1993); *Lyman v. Board of Educ. of City of Chicago*, 605 F. Supp. 193 (N.D. Ill. 1985). That is precisely why Apple has proposed that, *if* it files a limited motion for summary judgment, the parties meet and confer regarding the discovery plaintiffs require to respond, with the court to resolve any disputes. *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991), holding that it was improper to convert defendants'

included the obligation…to provide MMS." Plaintiffs' Memorandum at 3. Thus, class discovery will necessarily be limited to what defendants represented (including relevant disclosures), where and when these representations were made, and what, if any, representations plaintiffs and the purported class members were uniformly exposed to and relied upon.

Plaintiffs erect and purport to topple the straw man that defendants may seek to deny them discovery relevant to class issues if that discovery also relates to the merits. That is simply wrong. It ignores what Apple said in its Opening Brief, which clearly contemplates discovery on merits issues (for example, the representations and disclosures made) that are also relevant to class certification. Plaintiffs should not, however, be permitted to pursue discovery on merits issues that will never be relevant or necessary if class certification is denied.

## IV. PLAINTIFFS' POSITION REGARDING RULE 26 DISCLOSURES AND DOCUMENTS IS INSUPPORTABLE

Plaintiffs overlook the fact that they waived Rule 26 disclosures in the joint statement submitted by the parties in advance of the previous case management conference. (January 12, 2010 Joint Proposed Case Management Order, at p. 6 ("Rule 26(a) disclosures are waived.").) In any event, plaintiffs' suggestion that they are entitled not only to Rule 26 disclosures, but to every document identified in those disclosures, before this Court hears Rule 12 motions based on a "legal theory" turns orderly federal procedure on its head.

Rule 26 requires identification of all documents a party will use to support its claims or defenses at trial. Plaintiffs are not entitled to merits discovery of this nature before they have alleged claims that satisfy the requirements of Rules 8, 9 and 12. As the Supreme Court observed in *Twombly*, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed [through discovery]." 550

---

motion to dismiss into a motion for summary judgment because other defendants had moved for summary judgment, is simply inapposite.

U.S. at 558. Plaintiffs are not entitled to merits discovery in order to oppose a pleading motion, particularly one predicated on a "legal theory." Plaintiffs' Memorandum at 21 (emphasis added).

V.  CONCLUSION

The court should reject plaintiffs' attempt to subject defendants to unlimited and burdensome merits discovery before plaintiffs have established that they can adequately plead a claim for relief. After the pleadings motions are resolved, the court can determine the proper scope of discovery based upon the claims, if any, that plaintiffs are permitted to pursue.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE, LLC

*/s/ David W. O'Quinn*
QUENTIN F. URQUHART, JR. (#14475)
DAVID W. O'QUINN (#18366)
DOUGLAS J. MOORE (#27706)
400 Poydras Street, Suite 2700
New Orleans, Louisiana  70130
Telephone:  (504) 310-2100
Facsimile:  (504) 310-2101

PENELOPE A. PREOVOLOS (*admitted pro hac vice*)
ANDREW MUHLBACH (*admitted pro hac vice*)
HEATHER A. MOSER (*admitted pro hac vice*)
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been electronically filed and served upon all known counsel of record by electronic service and/or U. S. mail, properly addressed, this the 8th day of March, 2010.

*/s/ David W. O'Quinn*