UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  APPLE iPHONE 3G AND 3GS "MMS" MARKETING AND SALES PRACTICES LITIGATION | CIVIL ACTION<br><br>MDL NO:  2116 |
| THIS DOCUMENT RELATES TO ALL CASES | SECTION "J"<br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE WILKINSON |

**RESPONSE BRIEF OF ATTM ON DISCOVERY**

At the January 15, 2010 status conference, the Court expressed the view that "the defendants [should be] allowed to tee up their motions, then [plaintiffs] look at them, and then we talk about what discovery do you need, whether it's on arbitration or 12(b) motions or whatever."  January 15, 2010 Tr. (Ex. A) at 27.  At the time, plaintiffs appeared to agree.  *Id.* ("I don't think that we collectively have a problem with that.")  Now it appears plaintiffs have had a change of heart.  In their brief on discovery plaintiffs argue that the Court should give them "unfettered" and "full" discovery of ATTM, despite the fact that the deadline for plaintiffs to file their amended complaints is over two months away and ATTM has indicated it intends to file threshold motions to compel arbitration and to dismiss.  *See* Plaintiffs' Memorandum on the Scope, Extent, and Timing of Discovery ("Pls. Br.") at 1, 11, 12.

1

Plaintiffs' request for unfettered full discovery at this preliminary stage before the Court has had a chance to determine whether plaintiffs' claims against ATTM should be addressed in arbitration or whether plaintiffs' claims are legally sufficient is nonsensical and would waste the resources of the parties and the Court.  Plaintiffs' argument that full discovery is necessary because all of the class and merits issues are intertwined is without merit and is disproved by their own examples of discovery topics that have nothing to do with class issues.

The Court should not change its view and should stay discovery until after determining whether plaintiffs' claims against ATTM remain in this forum or survive dismissal.[1]  If the claims continue in this proceeding, discovery should be phased to focus first on class discovery, then on merits discovery only if necessary after a determination on class certification.

## ARGUMENT

I.  **Discovery Should Be Stayed Until Resolution Of ATTM's Motions To Compel Arbitration.**

   A.  **During The Pendency Of A Motion To Compel Arbitration, Discovery Regarding Class Certification Or Merits Issues Is Impermissible.**

Plaintiffs argue that they are entitled to open-ended discovery *before* any motion is filed in order "to determine whether or not there is a valid agreement to arbitrate."  Pl. Br. at 12.  This sort of fishing expedition runs contrary to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.  As the Supreme Court has explained, "Congress's clear intent, in the [FAA], [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

---

[1] ATTM believes that its arguments for staying discovery apply with equal force to all discovery, including Rule 26(a)(1) disclosures, and respectfully requests that the Court deny plaintiffs' request to set a deadline at this time for Rule 26(a)(1) disclosures.  *See* Pl. Br. at 21.

Accordingly, when a motion to compel arbitration is filed, the FAA "call[s] for an expeditious and summary hearing, with only restricted inquiry into factual issues." *Id.* That inquiry is strictly limited to "only [those] issues [that] relat[e] to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).

Under the FAA, all discovery relating to class certification or the underlying merits of plaintiffs' claims must wait until after ATTM's motion to compel arbitration is resolved. Many courts have recognized that, during the pendency of a motion to compel arbitration, discovery on these issues would impinge upon the authority of the arbitrator to determine the proper scope of discovery. *See* Brief of ATTM on Discovery ("ATTM Br.") (D.E. 34) at 5-6 & n.4 (citing cases); *see also*, *e.g.*, *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (plaintiff is "not entitled to pre-arbitration discovery" into issues that are "questions for the arbitrator"); *Corpman v. Prudential-Bache Secs., Inc.*, 907 F.2d 29, 31 (3d Cir. 1990) (when a dispute is subject to arbitration, "a district court may not permit the parties to conduct discovery" because "'*[a]n agreement to arbitrate is an agreement to proceed under arbitration and not under court rules*'") (emphasis added by Third Circuit) (quoting *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988)).[2]

---

[2] Plaintiffs threaten that if the Court compels them to arbitrate their claims against ATTM, they will circumvent the Court's order by seeking "full discovery from AT&T through third party subpoenas pursuant to Rule 45." Pl. Br. at 12. If the Court compels arbitration, § 3 of the FAA requires it to stay the litigation as to ATTM. Issuing document or deposition subpoenas to ATTM under Rule 45 would not only be a clear violation of the stay, it would subvert the policies behind the FAA by imposing on ATTM all of the burdens and costs of litigation its arbitration agreements are meant to avoid.

### B.      Discovery Concerning Arbitrability Is Unnecessary And Premature.

Plaintiffs also have failed to show that they are entitled to take discovery on the arbitrability of their claims.  Because the FAA "require[s]" an "efficient and prompt resolution" of motions to compel arbitration, plaintiffs must "provide[] a sufficiently compelling reason to conduct discovery prior to responding to" ATTM's motion.  *Kulpa v. OM Fin. Life Ins. Co.*, No. 1:07CV1136HSO-RHW, 2008 WL 351689, at *1 (S.D. Miss. Feb. 6, 2008).

Plaintiffs come nowhere close.  They indicate that they intend to make *legal* arguments – for example, that ATTM's arbitration procedures violate "public policy" or "unfairly inhibit[] the right to recovery."  Pl. Br. at 12.  But ATTM will be submitting plaintiffs' arbitration agreements and the applicable arbitration rules with its motion to compel arbitration.  No further information will be needed to resolve the questions of law that plaintiffs say they will raise, because the procedures outlined in ATTM's arbitration agreements speak for themselves.  As the Court recognized in the January 15, 2010, status conference, "[i]t's in the agreement.  Whatever it is, it is."  January 15, 2010 Tr. at 22.  Discovery is not needed to determine whether, as plaintiffs suggest, ATTM's arbitration "clause blocks individuals from pursuing legal rights."  Pl. Br. at 14.  As another federal court observed in denying a similar request for discovery, "the court can fathom no reason that" the party opposing arbitration "could not ascertain 'what the arbitration entails' from" the agreement itself and the arbitration rules.  *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 829 (S.D. Miss. 2001), *aff'd*, 34 F. App'x 964 (5th Cir. 2002).

Plaintiffs say that they need discovery into "whether there have been different versions of [ATTM's] arbitration clause," how "class members in general" have agreed to arbitrate, the details of all ATTM "arbitrations," and ATTM's "arguments and legal rationale" in other cases.  Pl. Br. at 12.  That litany of topics fundamentally misconceives the issue here, which is whether the *named plaintiffs* are *themselves* required to arbitrate their *own* disputes in accordance with

4

their *own* arbitration agreements. Whether and how *other* people may have entered into *other* similar (or different) arbitration agreements with ATTM or arbitrated or litigated *other* disputes is irrelevant.

For this reason, the Eighth Circuit recently affirmed a district court's denial of discovery "on how many consumer disputes have been arbitrated under" another business's "agreement, and how many contracts exist in which [the business] included the arbitration clause." *Pleasants v. Am. Express Co.*, 541 F.3d 853, 859 (8th Cir. 2008). As the court observed, "whether other consumers have elected to arbitrate claims under other contracts is not material to" whether arbitration would be "prohibitively expensive in [plaintiff Pleasants'] case." *Id.*; *accord*, *e.g.*, *Honig v. Comcast of Ga. I, LLC*, 537 F. Supp. 2d 1277, 1284 n.3 (N.D. Ga. 2008) (barring discovery concerning putative class members' arbitration agreements because named plaintiff herself "signed" the agreement containing "the arbitration provision"). Indeed, plaintiffs do not explain how this or other information in ATTM's possession – such as "all versions and drafts" of ATTM's arbitration provision, the "planning and implementation" of ATTM's arbitration "program," or the "reasons for the class action bans" (Pl. Br. at 15) – could shed any light on whether it is feasible for plaintiffs to pursue their own claims in arbitration.[3]

To the extent that plaintiffs intend to argue that there was something objectionable about the manner in which they *themselves* agreed to arbitrate, they do not need any discovery from *ATTM* on this point. As the *Coates* court explained:

> [T]here is no apparent need for discovery as to [that party's] own knowledge of
> the contents and/or existence of [the arbitration agreement] or as to his alleged

---

[3] These materials would be protected from disclosure by the attorney-client privilege and attorney work product doctrine.

> understanding of (or failure to understand) the terms of [the agreement], for these are matters only the [party] himself could know.

125 F. Supp. 2d at 828.  In fact, in the one case that plaintiffs cite as involving a "fact intensive analysis" into procedural unconscionability, there was no discovery whatsoever because the information provided by ATTM to support its motion and by the plaintiff to oppose it were sufficient to resolve the matter.  Pl. Br. at 15 (citing *Trujillo v. Apple Computer, Inc.*, 578 F. Supp. 2d 979 (N.D. Ill. 2008)).

Nor do plaintiffs need discovery to estimate the cost of pursuing their claims in arbitration.  In all but one of the cases plaintiffs cite, these estimates came from the plaintiffs themselves – not from information provided in discovery.  Thus, in *In re American Express Merchants' Litigation*, 554 F.3d 300 (2d Cir. 2009), the plaintiffs submitted expert testimony – derived from "publicly available information" – about the cost of arbitrating an antitrust claim.  *Id.* at 316-17.  In *Dale v. Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007), the court considered three facts: the damages asserted in the complaint, the costs imposed by the arbitration agreement, and the amount of the court's filing fee.  *See id.* at 1220 & n.6.  The sole exception in which discovery was deemed necessary is *Ting v. AT&T*, 182 F. Supp. 2d 902 (N.D. Cal. 2002), *aff'd in part and rev'd in part*, 319 F.3d 1126 (9th Cir. 2003).  The consumer in that case needed discovery from the American Arbitration Association to establish its and the arbitrator's fees.  *Id.* at 934.  By contrast, as ATTM will show in its arbitration motion, the named plaintiffs here are entitled to arbitrate for free.[4]

---

[4] Plaintiffs also cite *Coneff v. AT&T Corp.*, 620 F. Supp. 2d 1248 (W.D. Wash. 2009), *appeal pending*, No. 09-35563 (9th Cir.), in which the district court permitted discovery on the feasibility of arbitration.  But the evidence on which the district court chiefly relied – the declarations of plaintiffs' experts – came from the plaintiffs themselves, not discovery.  *See id.* at

(continued…)

6

Plaintiffs appear to contend that because they bear the burden of proving that enforcement of their arbitration agreements "would deprive [them] of a cause of action," they are entitled to free-ranging discovery to meet that burden. Pl. Br. at 15. The Fifth Circuit has squarely rejected precisely this contention. *Bell v. Koch Foods, LLC*, No. 09-60433, 2009 WL 4885174 (5th Cir. Dec. 16, 2009). As the court explained, a broad rule requiring discovery "anytime a party bears the burden of proof, and is . . . trying to . . . defeat arbitration" "would defeat the FAA's requirement of summary and speedy disposition of motions . . . to enforce arbitration clauses." *Id.* at *2; *see also Omni Hotels Mgmt. Corp. v. Bayer*, 235 F. App'x 208, 211 (5th Cir. 2007) (affirming district court's "ruling on the motion to compel arbitration without deferring for further discovery, particularly given the Federal Arbitration Act's requirement of 'an expeditious and summary hearing, with only restricted inquiry into factual issues.'") (quoting *Moses H. Cone*, 460 U.S. at 22)).

It would subvert the FAA to require ATTM to submit to an extended inquisition into the details of its contracts with millions of other customers and an extensive review of the history of its use of arbitration in order to determine whether the arbitration agreements of the named plaintiffs are enforceable. Otherwise, the effort and expense of compelling arbitration would eliminate the "simplicity, informality, and expedition" that are the point of agreeing to arbitrate in the first place. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). Accordingly, plaintiffs' request for leave to take discovery regarding arbitrability should be denied.

---

(continued)

1257. Moreover, the discovery in that case delayed resolution of the motion to compel arbitration by about two-and-a-half years.

### C. ATTM Would Not Waive Its Right To Seek Arbitration Of Plaintiffs' Claims By Moving to Dismiss Under Rule 12(b)(6).

Finally, plaintiffs contend that ATTM would waive its right to compel arbitration by seeking dismissal under Rules 8, 9(b) and 12(b)(6) at the same time it moves to compel arbitration. Pl. Br. at 11. They are wrong.

As the Fifth Circuit recently has reiterated, the party asserting such a waiver bears a "heavy burden of proof" to show that the party seeking arbitration engaged in a "substantial invocation of the judicial process" in a way that caused "prejudice." *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 n.2 (5th Cir. 2009). Under this standard, plaintiffs must prove an "overt act in court that evinces a desire to resolve the arbitrable dispute through litigation *rather than* arbitration" by a party who "*subsequently* seeks to arbitrate." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (internal quotation marks omitted) (emphasis added).

Plaintiffs cannot make the required showing. The party in *Republic* was deemed to have waived the right to compel arbitration because it waited until days before trial to request arbitration, which if granted would have caused the other party to incur a great deal of wasted expense. *Id.* at 343-44. By contrast, ATTM has made clear from the outset of these cases that it seeks arbitration and believes that the arbitrability of plaintiffs' claims should be resolved first. *See* Defendants Apple Inc. and AT&T Mobility LLC's Joint Position Statement, submitted January 12, 2010, at 5; Joint Proposed Case Management Order, submitted January 12, 2010, at 4; ATTM Br. at 1, 3, 4-7. ATTM's actions are not inconsistent with a desire to have plaintiffs' claims arbitrated. ATTM intends merely to move in the alternative to dismiss under Rules 8, 9(b) and 12(b)(6) so that ATTM's and Apple's motions to dismiss can be briefed together, and so that the Court will be informed of the potential dispositive arguments before it. Contrary to

8

plaintiffs' contention, that approach is entirely proper. The Fifth Circuit has held that "concurrently fil[ing] a motion to compel arbitration in the alternative to [a] motion for summary judgment" does *not* constitute waiver. *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897-98 (5th Cir. 2005). The same reasoning applies with even more force in the context of a motion to dismiss filed in the alternative to a motion to compel arbitration.[5]

## II. No Discovery Is Needed To Resolve Motions To Dismiss.

### A. Courts Routinely Defer Discovery Until After Motions To Dismiss.

Plaintiffs assert that staying discovery pending the Court's resolution of motions to dismiss "is the exception rather than the rule." To the contrary, ATTM has cited numerous cases, from the Fifth Circuit and this district, which have held that it is appropriate for a court to stay discovery while it considers a motion to dismiss. *See* ATTM Br. at 7-8.

Plaintiffs do not contest that ATTM's motions to dismiss will be directed at legal deficiencies in plaintiffs' pleadings. Plaintiffs nonetheless ask for "unfettered" and "full" discovery into many issues that have no relevance to ATTM's threshold motions, such as "the exclusivity relationship of the Defendants" and "financial information regarding the sale of various versions of the iPhone and the AT&T voice and data plans for the iPhone." Pl. Br. at 8, 19. Plaintiffs do not explain how any of this discovery is relevant to the Court's determination of whether plaintiffs have adequately pled their claims. The simple answer is that this discovery is

---

[5] If the Court has any concern about whether plaintiffs would face any prejudice by simultaneously responding to ATTM's motions to compel arbitration and motions to dismiss, the Court could eliminate that concern by deferring plaintiffs' briefing in opposition to the motions to dismiss.

Case 2:09-md-02116-CJB-JCW   Document 41   Filed 03/08/10   Page 10 of 12

not relevant, and it therefore should be deferred until after the Court determines whether plaintiffs have stated valid claims under Rules 8, 9(b) and 12(b)(6).

### B. Plaintiffs Don't Need Full Discovery At This Stage.

Plaintiffs' brief sets out several pages of factual assertions and descriptions of plaintiffs' alleged damages which do not appear in any of the 22 complaints in this proceeding. *See* Pl. Br. at 2-6.[6] If plaintiffs intend to rely on the new factual assertions, they must amend their complaints. The Court has set out a process for such amendment. *See* Pretrial Order #3 (D.E. 17) at 4. ATTM will then have the opportunity to test whether those factual assertions are sufficient to state a claim under Rules 8, 9(b) and 12(b)(6), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), which require them to have the facts *before* filing a lawsuit.

### III. Discovery Should Be Phased With Class Discovery First.

Plaintiffs argue for full discovery now because the class issues and merits issues are so closely intertwined. *See* Pl. Br. at 26-20. While there may be some overlap between class discovery and merits discovery, ATTM is confident that the parties can resolve them through the meet and confer process.

It is clear that there are many areas for discovery that are uniquely related to the merits and that have no relevance to class issues. As to those uniquely merits issues, it would be premature to require ATTM to expend significant sums of money and disrupt its business

---

[6] ATTM believes that it is improper for plaintiffs, in a brief addressing threshold discovery issues, to set forth so-called facts that do not appear in any complaint. Rather than respond to plaintiffs' newly alleged facts at this time, ATTM will wait to see if any of them appear in any new complaints or amended complaints, and if so, respond to them at the appropriate time.

operations to search its files for relevant documents, and produce witnesses for deposition, until the Court determines whether plaintiffs' claims are appropriate for class certification.

## CONCLUSION

Plaintiffs provide no valid reasons for this Court to order "unfettered" full discovery at this preliminary stage of the litigation. The most efficient and economical approach is to stay discovery until after the Court determines whether plaintiffs' claims against ATTM should be arbitrated and whether plaintiffs have stated valid claims under Rules 8, 9(b) and 12(b)(6). If any of plaintiffs' claims survive, discovery should then commence, with the first phase focused on class discovery, and depending on the outcome of class certification, the latter phase focused on merits discovery.

/S/ Kathleen Taylor Sooy
Kathleen Taylor Sooy
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 624-2651
Facsimile:  (202) 628-5116
Email:  ksooy@crowell.com
       troman@crowell.com

Gary P. Russo
JONES, WALKER, WAECHTER, POITEVENT,
CARRER, DENEGRE LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501
Telephone:  (337) 262-9000
Facsimile:  (337) 262-9001
Email:  grusso@joneswalker.com

Attorneys for Defendant AT&T Mobility LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 8th day of March, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing.

    /S/ Kathleen Taylor Sooy
    Kathleen Taylor Sooy